IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PAULA VASQUEZ, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| OLLIE'S BARGAIN OUTLET, INC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Paula Vasquez ("Plaintiff", by and through undersigned counsel, and files this Complaint for Damages against Defendant Ollie's Bargain Outlet, Inc. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC), EEOC Charge No. 410-2018-03747, alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

7.

With respect to the above referenced EEOC Charge, the EEOC issued a "Notice of Right to Sue" on March 8, 2018, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## **FACTUAL ALLEGATIONS**

9.

Defendant has now, and at all times relevant hereto, has been an employer subject to the ADA.

10.

Plaintiff began her employment with Defendant in November 2017.

11.

At the time Plaintiff was hired, Defendant advised Plaintiff she was being hired for a permanent position, and that Plaintiff was replacing a customer service associate who was moving out of state.

12.

On January 7, 2018, Plaintiff informed her supervisor, Alissa Bannon, that Plaintiff felt ill and needed to leave work. That night, Plaintiff went to the emergency room and was admitted to the hospital due to her disability, specifically a heart condition that Plaintiff has suffered from for many years.  Plaintiff informed Defendant that she had been admitted to the hospital and explained her disability.

13.

On January 8, 2018, Plaintiff was released from the hospital and saw her cardiologist.  Plaintiff's cardiologist advised Plaintiff that she could return to work on Monday, January 15th.  Plaintiff advised Defendant on January 8th that her doctor instructed her to remain off work until January 15th.

14.

On January 12, 2018, Plaintiff provided Defendant with work excuses from the hospital and her doctor showing Plaintiff had been under medical care and would be able to return to work on January 15th.

15.

On or about January 13, 2018, Plaintiff called the store to find out what her schedule was for the upcoming week. Mr. Roger, the store manager, took the call

and told Plaintiff, among other things, that he wanted Plaintiff's health to get better and for Plaintiff to take her medications. Mr. Roger then proceeded to falsely claim that Plaintiff was hired as a seasonal employee and was no longer needed and therefore Plaintiff was being terminated.

16.

Defendant's alleged reason for terminating Plaintiff's employment is pretext for unlawful disability discrimination and retaliation.

17.

Plaintiff suffers from a disability, within the meaning of the ADA, of which Defendant had actual knowledge at all times relevant. Further, Defendant regarded Plaintiff as disabled.

18.

Defendant terminated Plaintiff because of her disability and/or need for an accommodation.

19.

In terminating Plaintiff's employment and failing to provide her with a reasonable accommodation under the ADA, Defendant discriminated against Plaintiff because of her disability, and retaliated against Plaintiff for engaging in protected activity.

20.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

## (ADA DISCRIMINATION AND RETALIATION)

21.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

22.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

23.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

24.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

25.

At times relevant to this action, Defendant and all individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

26.

Plaintiff's disability and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

27.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodation.

28.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

29.

In terminating Plaintiff and failing to provide her with a reasonable accommodation under the ADA, Defendant discriminated against Plaintiff because of her disability, and retaliated against Plaintiff for engaging in protected activity, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

30.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

31.

In terminating Plaintiff in response to her needing a reasonable accommodation of a finite and brief period of time off work for her disability, Defendant retaliated against Plaintiff in violation of the ADA

32.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

33.

Plaintiff seeks compensatory and punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

This 6th day of April, 2018.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Paula Vasquez*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
<u>vsroberts@justiceatwork.com</u>